IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KENNY J. DOWNING,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 13-CV-474-GKF-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Kenny H. Downing, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's May 20, 2010, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held October 24, 2011. By decision dated November 21, 2011, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 8, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 19 on the alleged date of onset of disability and 21 at the time of the ALJ's denial decision. He completed the 10th grade and has no past relevant work . He claims to have been unable to work since April 11, 2010 as a result of mental and physical limitations resulting from injuries received in an automobile accident which involved traumatic brain injury, fractures of bilateral femurs, multiple facial fractures, fractured right patella, dislocated mandible fracture, left fifth digit amputation, thoracic spine T9 fracture, in addition to diabetes mellitus, and a history of learning disorder.

## **The ALJ's Decision**

The ALJ determined that Plaintiff has the ability to lift and carry up to 10 pounds, during an 8-hour workday he can stand and/or walk at least 2 hours and sit at least 6 hours with normal breaks. He is able to use his left hand to grasp and finger adequately. He is right hand dominant. He is able to do simple repetitive tasks. [R. 17]. Based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case

was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that the RFC lacks substantial support in the evidence and that the ALJ erred by failing to properly evaluate his hand limitations and include them in the hypothetical question to the vocational expert.

### **Analysis**

#### Residual Functional Capacity Assessment

Plaintiff was severely injured in an automobile collision on April 10, 2010, the alleged date of onset of disability. The state Disability Determination Services (DDS) physician who reviewed Plaintiff's medical records offered an opinion dated October 10, 2010 that by one year from the date of onset, Plaintiff should be healed and will have an RFC for light work. [R. 384-390]. On January 25, 2011, Plaintiff's treating physician, Dr. Swenning recorded that Plaintiff's wounds were completely healed, he looks good from a soft tissue standpoint, is ambulatory with a cane, and not having pain other than his patella. [R. 418]. The ALJ noted that the medical reports indicate uninterrupted healing of Plaintiff's injuries and do not indicate any ongoing difficulties from Plaintiff's multiple fractures. [R. 19]. The ALJ also noted that the DDS medical consultant opined that Plaintiff could perform light work. The ALJ stated he gave little weight to the DDS opinion and gave great weight to Dr. Swenning's opinion. The ALJ stated that Plaintiff's testimony advocates for a sedentary RFC. *Id.*

Plaintiff argues that the ALJ erred in relying on either of these opinions. Plaintiff stated that the DDS opinion only projected Plaintiff's future capabilities and failed to take into account Plaintiff's need for patellar repair in April 2011, and Dr. Swenning's records do not contain opinions about Plaintiff's functional abilities. Plaintiff also complains that the ALJ failed to address the comments made by Dr. Lorton who repaired Plaintiff's patella. Plaintiff concludes that the RFC is not supported by substantial evidence.

The undersigned finds no error in the ALJ's treatment of these opinions. The ALJ did not adopt the DDS RFC for light work, instead the ALJ found Plaintiff could perform work at the sedentary exertional level. Dr. Swenning's records do not actually contain opinions about Plaintiff's ability to work, but do contain observations about Plaintiff's condition and lack of pain. Dr. Swenning's records do not contradict the finding that Plaintiff can perform sedentary work. Before Dr. Lorton performed surgery on Plaintiff's patella, he commented that he cannot make Plaintiff's knee normal and most likely will not be able to make it bend further, but will be able to improve the stability, strength and control of the knee. [R. 510]. After the surgery, Dr. Lorton stated he would give Plaintiff no formal restrictions in that he feels Plaintiff can do whatever his knee allows him to do.[2] [Dkt. 507]. Dr. Lorton's comments do not deprive the ALJ's decision of substantial support in the evidence.

---

[2] Dr. Lorton also mentioned that he completed a work form that Plaintiff brought in, spending "quite a bit of time filing it out" in which Dr. Lorton outlined what he thought Plaintiff might be able to do and the levels of things he thought Plaintiff could not do or do for very long. [R. 507]. The undersigned notes that this work form does not appear in the record.

4

The Tenth Circuit recently reiterated that there is no requirement in the regulations or case law that there must be a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question. "[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo v. Astrue,* 682 F.3d 1285, 1288 (10th Cir. 2012) (citing *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir.2004) (following 20 C.F.R. § 416.927(e)(2) and SSR 96–59, 1996 WL 374183, at *5)); *see also* 20 C.F.R. §§ 404.1546(c) and 416.946(c). The Tenth Circuit has "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category." *Howard*, 379 F.3d at 949; see, *e.g* ., *Wall v. Astrue*, 561 F.3d at 1068–69 (upholding ALJ's findings on mental impairment where record did not contain any treating or examining medical opinions as to allegedly disabling pain disorder); *Bernal v. Bowen*, 851 F.2d 297, 302–03 (10th Cir.1988) (holding ALJ properly made mental RFC findings without expert medical assistance).

<u>Hand Limitations</u>

Plaintiff argues that the ALJ failed to evaluate his hand limitations and by failing to include those limitations in the hypothetical to the vocational expert. The ALJ noted that Plaintiff is right hand dominant, that his left little finger is missing, his left ring finger is stiff, and he is able to use his left hand to grasp and finger adequately. [R. 17]. Plaintiff stated that this is inadequate because the term "adequately" does not indicate whether Plaintiff can use his hand constantly, frequently, occasionally, or less as the *Dictionary of Occupational Titles* (DOT) classifies the level of hand use for jobs. According to Plaintiff,

5

the classification of the amount of hand usage is important because the vocational expert testified that two of jobs identified require good bilateral manual dexterity. [Dkt. 19, p. 5].

The undersigned finds that the ALJ did not fail to adequately address Plaintiff's hand limitations. As previously noted, the ALJ acknowledged the loss of Plaintiff's left little finger and the stiffness in his left ring finger. [R. 17]. But, the ALJ found Plaintiff could adequately use his non-dominant left hand adequately for grasping and fingering. *Id.* The ALJ thus clearly addressed Plaintiff's ability to use his left hand.

The undersigned rejects Plaintiff's argument that the ALJ was also required to address whether he could grasp or finger constantly, frequently or occasionally. Those terms refer to how long Plaintiff could perform the tasks of grasping and fingering. Aside from the acknowledged fact of the absence of the little finger and the stiffness of the other finger, Plaintiff has not pointed to anything in the record demonstrating any impediment involving the *duration* of Plaintiff's use of his left hand. Since the ALJ found Plaintiff could use his left hand adequately, the ALJ was not required to include hand limitations in the hypothetical question to the vocational expert. An ALJ does not need to account for a limitation belied by the record when setting a claimant's RFC. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). *See also Adams v. Colvin*, 553 Fed.Appx. 811, 814-15 (10th Cir. 2014)(unpublished)(finding ALJ did not err in failing to include restrictions related to shoulder injury where record did not indicate any functional limitation).

Furthermore, even if it was error for the ALJ to have failed to classify the duration of Plaintiff's ability to use his Plaintiff's left hand, the undersigned finds that error does not require remand because there remains at least one job to which Plaintiff has expressed no

6

objection. The identification of one occupation with a significant number of jobs[3] satisfies the Commissioner's duty at step five of the evaluative sequence. *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir 1995) (citing 20 C.F.R. § 404.1566(b))("Work exists in the national economy [for step-five purposes] when there is a significant number of jobs (in one or more occupations ) having requirements which [the claimant is] able to meet....").

The vocational expert testified there were three jobs responsive to the ALJ's hypothetical question. Plaintiff's objection pertaining to hand use applies to only two of those jobs. On cross-examination by Plaintiff's counsel, the vocational expert testified that eliminating use of the left hand for repetitive manipulation, grasping, fingering, and only occasionally lifting with the right arm overhead, would not eliminate the third job, call-out operator, DOT # 237.367-014, as that job is primarily verbal and requires use of the dominant hand. [R. 41-42]. Further, the vocational expert estimated that for the machine feeder job, DOT # 694.686-010, fifty percent of the number of jobs would be eliminated, depending on the nature of the machine. [R. 41-42].

## **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

---

[3] Plaintiff does not argue that the number of jobs is not significant.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before November 20, 2014.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 6th day of November, 2014.

*/s/ Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE