**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

KENNY J. DOWNING, )
)
          Plaintiff, )
)
v. ) Case No. 13-CV-474-GKF-FHM
)
CAROLYN W. COLVIN, Acting )
Commissioner, Social Security )
Administration, )
)
          Defendant. )

## OPINION AND ORDER

Before the court is the Report and Recommendation of United States Magistrate Judge Frank H. McCarthy on the judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits [Dkt. #24] and the Objections thereto filed by plaintiff, Kenny J. Downing ("Downing"). [Dkt. #25]. The Magistrate Judge recommended the Commissioner's decision be affirmed. The Magistrate Judge found that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts, and that there is substantial evidence in the record to support the ALJ's decision. Downing objects to the Magistrate Judge's Report and Recommendation, arguing (1) the Magistrate Judge failed properly to consider the ALJ's residual functional capacity ("RFC") assessment by relying on a medical opinion without noting the date that opinion was made, and (2) the ALJ and Downing's former attorney failed to make sure the record was complete by failing to obtain and include in the record a copy of a work form filled out by Downing's orthopedic surgeon, Dr. Lorton. For the reasons below, the court adopts the Magistrate Judge's recommendation and affirms the ALJ's denial of benefits.

## I. Procedural History

Downing filed his application for supplemental security income benefits on May 5, 2010. [R. 44-45], after suffering severe injuries in an automobile accident in April 2010. The Social Security Administration denied the application initially and on reconsideration. [R. 48-51, 59-61]. ALJ Lantz McClain held an administrative hearing on October 24, 2011. [R. 14]. By decision dated November 21, 2011, the ALJ found that Downing was not disabled. [R. 20]. On June 8, 2013, the Appeals Council denied review. [R. 1-7]. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." However, even under a *de novo* review of such portions of the Report and Recommendation, this court's review of the Commissioner's decision is limited to a determination of "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)). Even if the court would have reached a

different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1500 (10th Cir. 1992).

## III. The Comments of Drs. Swenning and Lorton

Plaintiff disagrees with the Magistrate Judge's conclusion that the record fails to "contradict the finding that Plaintiff can perform sedentary work." [Dkt. #25, p. 1]. Specifically, plaintiff notes the Magistrate Judge did not address specifically an August 2010 comment from plaintiff's treating orthopedist, Dr. Todd Swenning, that Downing had a "very significant [knee] defect, but if we can get him up and moving around, hopefully, there will not be any issue after we simply remove the antibiotic spacer." [Dkt. #25, p. 1 (quoting R. 377)]. Furthermore, plaintiff complains the Magistrate Judge erred by relying on a statement made after Downing had surgery in April 2011 to address stability and strength issues in Downing's knee. Dr. Lorton, the knee surgeon, reported he would give Downing "no formal restrictions in that [Dr. Lorton] feels [Downing] can do whatever his leg allows him to do." [Dkt. #25, p. 1 (quoting R. 507)]. This statement, upon which the Magistrate Judge relied, was made approximately five months after the knee surgery in April 2011. Downing argues that because Dr. Lorton's determination came later, it does not preclude the existence of a period of disability prior to that date. [Dkt. #25, p. 1].

As an initial matter, the Magistrate Judge is not required expressly to consider every piece of medical evidence or testimony in his Report and Recommendation. The proper inquiry during judicial review is whether *the ALJ* properly considered all the evidence and whether there is substantial evidence to support *the ALJ's* findings. *See Doyal*, 331 F.3d at 760.

Furthermore, Downing's objection fails when these specific comments are placed in context. The record contains substantial evidence to support the ALJ's finding that "medical

3

reports indicate uninterrupted healing and progress of Mr. Downing's accident injuries." [R. 19]. Downing's rather serious accident was in April 2010. He was hospitalized during the initial period of his recovery. Dr. Swenning's comment about needing to "get him up and moving around" in August 2010 is consistent with Downing's post-operative physical therapy schedule. By January 2011, Dr. Swenning considered Downing's injuries to be "completely healed" and noted that Downing was "ambulatory with a cane and really not having any pain other than his patella." [R. 418]. Downing appears to have continued to walk with a cane until April 2011, [R. 514 ("he mobilizes in with a cane")], when he reported pain and some weakness and instability in his knee. Dr. Jay Lorton performed a tendon repair of the knee to improve stability on April 15, 2011. [R. 512]. Following surgery, Downing used a brace to immobilize the knee and crutches to walk for several weeks. [R. 508-09]. As noted above, Dr. Lorton concluded in September 2011 that Downing needed no further formal restrictions.

Downing's complaint about the lack of a specific reference by the Magistrate Judge, or by extension the ALJ, to Dr. Swenning's August 2010 comment is misplaced. The ALJ clearly relied on Dr. Swenning's opinions in assessing Downing's RFC. [R. 19 ("[t]he medical reports of treating source Todd Swenning, M.D. . . . do not indicate any ongoing difficulties from the claimant's multiple fractures," and "[g]reat weight is given the opinions of Dr. Swenning")]. Dr. Swenning's comment, in light of all of the medical evidence, is consistent with the ALJ's finding of "uninterrupted healing and progress."

Downing's complaint that the late date of Dr. Lorton's comment leaves unresolved the "question of whether a period of disability existed," implicates the duration requirement of 20 C.F.R. § 416.909. To support a finding of disability, an impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." § 416.909. Downing's

4

complaint, albeit far from explicit on this point, could be taken as an argument that, while he may have been able to perform sedentary work after September 2011, prior to that there was a period in which his impairment lasted or was expected to last for twelve months or more. It is true that more than twelve months lapsed between Downing's accident in April 2010 and the office visit in September 2011 in which Dr. Lorton determined that Downing required no formal restrictions. However, the record shows two periods of recovery, first from the accident itself and second from the knee surgery in April 2011. In between, and during much of his rehabilitation from the April 2011 surgery, the record indicates that Downing was able to walk with a cane or crutches, providing substantial evidence that he was not incapable of performing sedentary work for a continuous period of twe lve months.

This court concludes that substantial evidence supported the ALJ's RFC assessment. Accordingly, Downing's objection as to the specific comments either quoted or not in the Magistrate Judge's Report and Recommendation, is overruled.

**IV. The Missing Work Form**

Dr. Lorton, as part of a visit with Downing in September 2011, filled out a "work form" that Downing brought him. [R. 507]. In the form, perhaps a RFC form, Lorton reported what he thought Downing "might be able to do and indeed there were some levels of things that I do not feel he could do, do very long or do very well." [*Id.*] This form is not part of the record, as noted by the Magistrate Judge. [*See* MR&R, p. 4 & n. 2]. Downing now argues that the ALJ and Downing's own former lawyer violated a duty to compile a complete record. In support of this contention, Downing cites 20 C.F.R. § 416.912(e)(1) for the proposition that the "regulations require the ALJ to recontact a treating physician if a treating opinion is inconsistent."

This citation is problematic for a number of reasons, not least of which is it appears to have been a typographical error. Section 416.912(e) has no subparts and provides guidance regarding when DDS will order a consultative examination. Section 416.91**3**(e) governs the completeness of the medical evidence in a case, but does not mention the consequences of inconsistencies in a treating opinion. Finally, Downing's argument, that Dr. Lorton's report is "inconsistent" because it mentions a work form that was not included in Dr. Lorton's file, is not persuasive.

Under § 416.913(e)'s completeness rules, the medical evidence must be complete and detailed enough to allow DDS to make a determination or decision about whether the claimant is disabled. Section 416.912(d) states that DDS will make "every reasonable effort" to help claimants obtain medical records so that DDS can compile the claimant's "complete medical history," which includes medical evidence and reports from the medical source. There is no reason to believe that the records submitted as Exhibit 19F, [R. 507-515], are not a complete set of Dr. Lorton's medical records regarding Downing. Dr. Lorton did not have an obligation to include in his medical records a form that his patient brought to him.

Furthermore, there is no reason to believe the work form Downing asked Dr. Lorton to complete contained any assessment inconsistent with the rest of Dr. Lorton's notes from that visit, including that Downing presented "better than preoperative" and had "improved strength from [May 2011]." R. 507. Dr. Lorton's medical report on that visit is consistent with the ALJ's RFC assessment. The absence in the record of the work form referenced in Dr. Lorton's report does not deprive the ALJ's assessment of substantial evidence.

## V. Conclusion

For the reasons set forth above, Downing's Objections to the Magistrate Judge's Report and Recommendation [Dkt. #25] are overruled, the Magistrate Judge's Report and Recommendation [Dkt. #24] is adopted, and the decision of the Commissioner is affirmed.

ENTERED this 9th day of February, 2015.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT